**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM PEREZ COSTOSO,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No. 4:17cv157-RH/CAS**

**DR. C. LE, DR. LUIS LOPEZ,
DR. COLOMBANI,
SERGEANT CHOPP,
and CAPTAIN GRIFFIN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, filed a second amended complaint on August 23, 2017. ECF No. 13. Plaintiff's second amended complaint, ECF No. 13, was reviewed as required by 28 U.S.C. § 1915A and deemed generally sufficient for service. An Order was entered on September 28, 2017, directing Plaintiff to submit five service copies of his second amended complaint. ECF No. 16.

Since entry of that Order, Plaintiff has filed three motions. ECF Nos. 18-20. A docket entry also indicates Plaintiff provided the service copies.

The first motion requests that one page of a grievance response be considered as a supplement to the complaint. ECF No. 18. That motion should be denied. It is not appropriate for the Court to add or delete pages to a complaint. Plaintiff is responsible for filing a complaint that is complete, in and of itself. Piecemeal litigation leads to problems and will not be permitted. Moreover, the addition of the grievance is not necessary at this stage of the litigation.

Plaintiff's third motion is another request to supplement his complaint. ECF No. 20. This time, Plaintiff asks to include one paragraph in the complaint. *Id.* That motion should be denied for the same reason the first motion is denied: piecemeal litigation should not be permitted. If Plaintiff desires to add to, or subtract from his second amended complaint, ECF No. 13, Plaintiff should be required to file a motion requesting leave to file a third amended complaint and he must provide a copy of the proposed third amended complaint with his motion. N.D. Fla. Loc. R. 15.1.

Finally, Plaintiff's second motion is a request for injunctive relief. ECF No. 19. Plaintiff requests this Court order the Department of Corrections to immediately be sent to an outside therapist and to Shands Hospital so a new "splitcast" can be made. *Id.* It is recommended that

Plaintiff's motion be denied. First, Plaintiff requests the Department of Corrections be directed to take action on his behalf, but the Department is not a named Defendant in this action; the Defendants are five individuals.

Second, Plaintiff is advised that the prerequisites for injunctive relief is that the Plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Because a preliminary injunction is an extraordinary and drastic remedy, it should not be granted unless the movant "clearly carries the burden of persuasion" as to all four prerequisites. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). Plaintiff's second amended complaint

requests compensatory damages as relief.  ECF No. 13 at 7.  Thus, Plaintiff has not demonstrated that he faces irreparable injury.

Furthermore, Plaintiff's complaint alleges that Defendants have been deliberately indifferent to his medical needs.  ECF No. 13.  The underlying claim is Plaintiff's dissatisfaction with Defendants' denial of his request to be sent to an outside therapist.  *Id.*  Such claims often amount only to a dispute or "simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" which is insufficient to support an Eighth Amendment claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)).  In Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

Case No. 4:17cv157-RH/CAS

429 U.S. at 107, 97 S. Ct. at 293.  It cannot be said at this juncture that Plaintiff's claims will fail.  Yet it also cannot be said that Plaintiff faces "a substantial likelihood of success on the merits."  Accordingly, this motion should be denied.  If Plaintiff is entitled to injunctive relief, it should be provided at the end of this litigation and not the beginning.

It is respectfully **RECOMMENDED** that Plaintiff's motions to supplement the complaint, ECF Nos. 18 and 20, and the motion for injunctive relief, ECF No. 19, be **DENIED**.  It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings and entry of an Order directing service of the second amended complaint.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.